IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| PAM VAN SCOYOC d/b/a<br>TELEPHONE CONTRACTORS<br>OF TEXAS,<br><br>      Plaintiff,<br><br>vs.<br><br>SPRINT COMMUNICATIONS<br>COMPANY, L.P., and VALLEY LINE<br>CONSTRUCTION, INC.,<br><br>      Defendants. | 8:04CV348<br><br><br>**AMENDED**<br>**FINAL PROGRESSION ORDER** |

This matter is before the court following a planning conference with counsel on November 23, 2004. David Melasky represented the plaintiff and Lyman Larsen and John Maier represented the defendants.

    **IT IS ORDERED:**

    1.    **Discovery Deadline.**  All discovery, whether or not intended to be used at trial, shall be completed by **September 6, 2005**. All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date. Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

    2.    **Pretrial Disclosures**: Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may

present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

    **A.** **Nonexpert Witnesses - 30 days prior to deposition deadline:**  The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

    **B.** **Deposition Testimony and Discovery - 5 days before final pretrial conference:**  1) The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer.  Such designations and any objections thereto shall also be included in the final pretrial conference order.  **See** NELR 16.2.

    **C.** **Trial Exhibits -  5 working days before final pretrial conference:**  A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits.

    **D.** **Waiver of Objections**:  Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

    **E.** **Filing of Disclosures**:  The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

    3.    **Motions in Limine.**  Any motion *in limine* challenging the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed not later than **June 9, 2005**, in the absence of which any objection based upon said rule shall be deemed waived.  **See *Kumho Tire Co., Ltd. v. Carmichael***, 526 U.S. 137 (1999); ***Daubert v. Merrell Dow Pharmaceuticals***, 509 U.S. 579 (1993).

    4.    **All**  motions for summary judgment shall be filed **on or before September 9, 2005**.  **See** NELR 56.1 and 7.1.

5.    **The Final Pretrial Conference** is set for **September 22, 2005 at 1:30 p.m.** before Magistrate F. A. Gossett, in chambers, Suite 2210, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NELR 16.2.  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

6.    All other provisions of parties joint planning conference report not addressed in this order shall be deemed submitted and adopted by the Court.

7.    **Trial** is set to commence **at 9:00 a.m. on October 3, 2005** in Omaha, Nebraska, before the Honorable Lyle E. Strom and a jury.

8.    **Motions to Alter Dates.**  All requests for changes of date settings shall be directed to the undersigned judge by appropriate motion.

DATED  this 19th day of April, 2005.

BY THE COURT:

s/ LYLE E. STROM
United States District Judge